UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE N. DINH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 06-1050-OP<br><br>ORDER GRANTING PLAINTIFF'S PETITION FOR APPROVAL OF FEES PURSUANT TO § 406(b) |

## I.
## **PROCEEDINGS**

On September 22, 2009, Plaintiff's counsel, Manuel D Serpa ("Counsel"), filed a petition for attorney fees pursuant to 42 U.S.C. § 406(b) ("Petition"). Counsel seeks an award of § 406(b) fees in the gross amount of $10,766.10, subject to an offset for the $5,000.00 in EAJA fees previously paid, resulting in a net award of $5,766.10. (Pet. at 1.)

The Petition is supported by Counsel's Declaration and supporting exhibits which establish that, after this Court's remand, the Social Security Administration ("SSA") awarded Plaintiff back benefits in the total amount of $49,064.40. A summary of Counsel's time spent is attached to Counsel's declaration. (Serpa Decl. Ex. F.) The summary reports that Counsel spent 34.4 hours of time

representing Plaintiff in this case. (Id.) On October 19, 2009, the Commissioner filed a Response to the Petition with his analysis. On October 22, 2009, Counsel filed a Rely to the Commissioner's Response.

## II.

## DISCUSSION

### A. Fees Awarded to Attorneys Who Successfully Represent Social Security Benefit Claimants in Court.

An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id. Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits.

Fee awards may be made under the Equal Access to Justice Act ("EAJA"), as well as 42 U.S.C. § 406(b), and such was the case here. Plaintiff was previously awarded EAJA fees, by stipulation, in the amount of $3,650.00 for services rendered by counsel in securing the remand of his case. An EAJA award, however, offsets an award under § 406(b) so that the total of the past due benefits actually received by the claimant is increased by the amount of the EAJA award up to the point where the claimant could potentially obtain one hundred percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (citation omitted).

### B. The Applicable Case Law

In Gisbrecht, the Supreme Court resolved a circuit split in the appropriate method of calculating fees under § 406(b). Several circuits, including the Ninth Circuit, had followed the "lodestar" method, under which the number of hours reasonably devoted to each case was multiplied by a reasonable hourly rate. Id. at

799 (citations omitted).  Other circuits had given effect to an attorney-client contingent-fee agreement if the resulting fee was reasonable.  Id. (citations omitted).

The Supreme Court evaluated the two approaches and concluded that § 406(b) (limiting attorney's fees to twenty-five percent of past-due benefits) was designed to control, and not displace, contingent fee agreements that are within the statutory ceiling.  Id. at 807-09.  The Court held that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Id. at 807.  In rejecting the lodestar approach, the Court noted that, while the lodestar method was used in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in litigation, fee-shifting to a losing party was not relevant in § 406(b) cases.  Id. at 802.  As the Court observed, § 406(b) does not authorize the prevailing party to recover fees from the losing party; rather, it authorizes fees payable from the successful party's recovery.  Id.

In testing the reasonableness of fees yielded by contingency fee agreements within § 406(b)'s twenty-five percent ceiling, Gisbrecht provided some guidance by identifying the following examples as factors that, standing alone or in combination, warrant a reduction:  (1) the result achieved; (2) counsel's "substandard" character of representation; (3) delay by counsel (justifying a reduction to prevent counsel from profiting from the accumulation of benefits while the case is pending due to any foot-dragging); (4) "if the benefits are large in comparison to the amount of time counsel spent on the case [thereby resulting in a windfall], a downward adjustment is similarly in order."; and (5) counsel's record of the hours spent representing the claimant and counsel's normal hourly billing rate for non-contingency work.  Id. at 808.  Another factor to consider is the attorney's risk of loss in taking the case on a contingency basis.  Id. at 805; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (providing a thorough

3

analysis of post-Gisbrecht case law and factors considered by various courts). Complexity of the matter also seems to play a role in many of the decisions. Id. at 1169, 1171 nn.12, 14, 15, & 16, 1172.

**C.    The Reasonableness of the Fees Yielded by the Current Contingency Fee Agreement.**

In this case, the Petition is supported by a copy of the mutually executed contingency fee agreement between Plaintiff and Counsel's law firm. (Serpa Decl. Ex. A.) Plaintiff agreed to pay Counsel attorney fees not exceeding twenty-five percent of the back benefits awarded for work before the Court – the statutory maximum. As discussed above, the SSA ultimately awarded Plaintiff back benefits of $49,064.40. Consequently, under the terms of the fee agreement, Plaintiff is contractually obligated to pay Counsel total attorney fees of $12,266.10 ($49,064.40 x .25). From that amount, $1,500.00 is deducted for payments received by Counsel pursuant to § 406(a), yielding a net amount of $10,766.10. The Commissioner withheld this amount of back benefits to cover Counsel's attorney fees in the event this Court finds no further reduction is warranted under Gisbrecht. Counsel is requesting a portion of this amount in § 406(b) fees. Plaintiff has not objected to the Petition, and the record does not indicate that the fee agreement was the product of any fraud, coercion, or overreaching.

The Court is satisfied that the fee sought under the contingency agreement is reasonable. As with any contingency fee agreement, the risk of loss in this case was substantial. Furthermore, the Court notes that before Plaintiff succeeded in obtaining benefits, she exhausted the multi-tiered administrative appeals process, filed a Complaint in this Court, secured a remand for further administrative proceedings, and obtained an award of retroactive benefits for her client.

The character of the representation in this case was not substandard and attests to the reasonableness of the fee. The results of the representation support the reasonableness of the fee. As one court recently observed in a Section 406(b)

1 case:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time value of money and the risk of non-recovery usually borne by clients in cases where lawyers are paid an hourly rate.

Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1384 n.7 (S.D. Ga. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 448-49, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (Burger, J., concurring)). Significantly, since Gisbrecht, district courts have been deferential to the terms of contingency contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non-contingency fee arrangements. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding $25,132.50 in Section 406(b) fees, equivalent to $450.00 per hour) (citing, inter alia, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (awarding $10,189.50, equivalent to $605.00 per hour); Coppett, 242 F. Supp. 2d 1380 (awarding $6,554.12, equivalent to $350.49 per hour)).

In conclusion, the Court finds that the fee requested by Counsel, which does not exceed the twenty-five percent statutory ceiling of Section 406(b), is reasonable under the inquiry called for by Gisbrecht.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.
## **CONCLUSION**

Based upon the foregoing considerations, the Petition is granted. Net fees under § 406(b) in the amount of $5,766.10, which takes into account the EAJA fee, shall be paid to Plaintiff's Counsel out of the sums withheld by the Commissioner from Plaintiff's benefits.

**IT IS SO ORDERED.**

DATED: November 9, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge